Note—OA. opinion will be found in 4 Abs. 778.

### No. 1054

### SISSEA v. STATE

#### No. 20150.  Supreme Court

On motion to certify.  Dock. Nov. 2, 1926, 4 Abs. 743.

732.  LOCAL OPTION LAWS—Can power granted by the local option laws be extended to things not contemplated by the legislature at the time of their passage?

1071.  SEARCH & SEIZURE—Can evidence and testimony be admitted of a search of a person before an arrest?

Mary Sissea was arrested and found guilty of possessing intoxicating liquors, in the Newark Municipal Court, and said conviction was affirmed by the Licking Common Pleas and Court of Appeals.  The facts briefly are that Sissea was in the place of business conducted by her and her husband, the police rushed in and took from her a small glass which they claimed smelled of intoxicating liquors.  She was thereupon searched, and no liquor found on her person, and after the search she was placed under arrest.  The conviction was based on 6174 GC. which was a Local Option Law passed in 1906.  Sissea contends in the Supreme Court that:—

1.  Sec. 6175 GC. was a local option statute, passed in 1906, and while same is still in force it should not be given any greater extension than was intended by the legislature at the time of its passage.

2.  The statute was aimed at the unlawful sale of intoxicating liquor and even in local option time the possession of liquor within

such territory was not illegal, so it was not intended to curb possession but sale and therefore the statute cannot be given a meaning not intended at the time of its passage.

3. There is no statute, state or federal, that gives an officer the right to search a person before arrest and therefore a conviction on such testimony should be set aside.

Attorneys—F. A. Bolton for Sissea; J. D. McNamar for State; both of Newark.